Martin Luther Baskerville
#548469 SBI# 102430-B
Northern State Prison
168 Frontage Road
Newark, NJ 07114

Pro se

IN THE UNITED STATES DISTRICT COURT

District of New Jersey
(Vicinage of Newark)

---

| | |
|---|---|
| Martin Luther Baskerville, JR | Civil No. 15-06463 (CCC-MF) |
| Plaintiff, | |
| v. | CIVIL ACTION |
| Laura Jackson, et al. | AMENDED COMPLAINT |
| Defendants are sued jointly and/or severally in their individual and/or official capacities. | DEMAND FOR JURY TRIAL |
| Defendants. | |

---

## JURISDICTION

1. Jurisdiction is provided by a federal question (28 U.S.C. § 1331 and § 1332) as a result of the Defendants' joint and/or individual acts in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution, as made applicable to the individual states by the Fourteenth Amendment, while acting under color of state law, pursuant to 42 U.S.C. § 1983.

## **PARTIES**

2. Plaintiff, Martin Luther Baskerville, is in the custody of the New Jersey Department of Corrections (NJDOC) and currently incarcerated at Northern State Prison (NSP), located at 168 Frontage Road, Newark, New Jersey 07114. At all times relevant hereto, Plaintiff refers to instances that occurred while housing at NSP.

3. Defendant, Laura Jackson, is employed by the NJDOC as a Senior Corrections Officer (SCO) in NSP. At all times relevant hereto, Jackson was assigned as the housing unit officer.

4. Defendant, Rutgers University Correctional Health Care (RUCHC), is a private corporation that contracts with the NJDOC to provide medical care to inmates within the NJDOC and is located at Bates Building, Stuyvesant Avenue & Whittlesey Road, Trenton, New Jersey 08625.

5. Defendant, Elyse Regis, is employed by RUCHC as a nurse, and at all times relevant hereto, assigned to NSP.

6. Defendant, Susan Cicala, is employed by RUCHC as a nurse, and at all times relevant hereto, assigned to NSP.

7. Defendant, Gail Kesselman, is employed by RUCHC as a Psychiatrist, and at all times relevant hereto, assigned to NSP.

8. Defendant, Frank Jordan, is an inmate in the custody of the NJDOC, and at all times relevant hereto, housed at NSP.

9. Defendants, John and/or Jane Doe 1-7, are employed by the NJDOC and RUCHC, and at all times relevant hereto, assigned to NSP.

2

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. On or about October of 2013, Plaintiff completed the exhaustion requirement of his administrative remedies with respect to the allegations made herein.

## STATEMENT OF FACTS

11. On April 6, 2013, approximately 12:40 p.m., during the afternoon mess movement, Inmate Frank Jordan ("Jordan") struck Plaintiff in the face and continued to pummel him causing Plaintiff to fall to the floor unconscious. During said attack, which occurred in the presence of other inmates and an officer, SCO Laura Jackson ("Jackson") sat idle, watching television and reading.

12. Prior to said incident, and in the days leading up to it, Plaintiff told SCO Jackson that Jordan had been acting bizarre, talking to himself, and making idol threats of violence.

13. Shortly after the incident, however, officers escorted Plaintiff to the medical department where he was examined by Nurse Susan Cicala ("Cicala"). At that time, Plaintiff told Cicala that he was assaulted and knocked unconscious. He further requested to see a doctor and explained to Cicala that he was experiencing blurred vision, headaches, memory loss, and vomiting. In response, Cicala told Plaintiff that he would not be able to see a doctor because none were available on the weekend. As a result, Plaintiff was escorted to solitary confinement, placed in pre-hearing detention, where he continued to experience pain and discomfort.

14. While in detention, another medical staff member, John or Jane Doe, observed Plaintiff's injuries. Plaintiff, again, told

3

this nurse that he was assaulted, experiencing pain, and requested to see a doctor. However, Doe did not provide any medical attention or assistance.

15. After having made numerous requests to see a doctor that day, Nurse Elyse Regis ("Regis") visited Plaintiff at his assigned cell. At that time, Plaintiff showed Regis the injuries to his upper lip and elbows. He also explained to her that he was experiencing blurred vision, headaches, memory loss, and vomiting. In response, Regis appeared unconcerned; she left Plaintiff inside his cell without requesting medical attention or providing any medical treatment.

16. On April 7, 2013, during the dispensing of prescribed medications, Plaintiff told Regis that he could not eat food or chew because of his condition and the pain he was experiencing in his facial area. As a result of Plaintiff's incapability to consume food, he also could not take prescribed medication, for his pre-existing condition, which required both food consumption and medication together.

17. On April 7, 2013, the disciplinary officer served Plaintiff with notice of institutional infraction, "fighting with another person *004[,]" which was authored by his accuser, SCO Jackson. Plaintiff alleges that Jackson fabricated this disciplinary report against him in order to justify her failure in taking reasonable steps to protect Plaintiff from the violent attack that occurred.

18. On April 8, 2013, Plaintiff had a disciplinary hearing and plead not guilty. At that time, Plaintiff was informed that

4

Inmate Jordan was a "special needs" inmate with a history of violence against staff and inmates, and that he admitted to hearing voices prior to and/or during said attack on Plaintiff.

19. On April 10, 2013, after review of the video footage, the disciplinary hearing officer found Plaintiff "not guilty" of fighting with Inmate Jordan. Soon thereafter, Plaintiff contacted the NJDOC Special Investigations Division and the Office of the Corrections Ombudsman concerning the incident and false charges.

20. On April 20, 2013, after having submitted multiple Medical Health Service Requests Forms, on three separate occasions, Plaintiff was seen in the prison infirmary by Nurse, Susan Cicala. Despite Plaintiff having informed Cicala of his medical condition and pain he was experiencing, Cicala classified the visit as "routine" and failed to provide Plaintiff with needed medical attention.

21. On April 24, 2013, Plaintiff reported to the medical department and x-rays were ordered of Plaintiff's head.

22. On April 25, 2013, Plaintiff was informed that his x-ray results showed a "nasal-bone fracture." Consequent to the injuries he sustained, Plaintiff began to receive ongoing treatment.

23. On or about May 13, 2013, medical staff ordered a soft diet for Plaintiff, which he never received.

24. Beginning on April 6, 2013, through May 29, 2013, John and/or Jane Doe 1-5 failed to provide Plaintiff with edible food despite Plaintiff's condition and said diet having been ordered.

5

**STATEMENT OF CLAIMS**

25. Defendant, Rutgers University Correctional Health Care (RUCHC), had a policy or custom of not having doctors available on the weekend, for inmates with serious medical needs, which violated Plaintiff's Eighth Amendment rights.

26. Defendant, RUCHC, had a policy or custom of releasing mentally ill, violent-prone inmates into the prison general population that posed a serious risk of harm to staff and inmates, which violated Plaintiff's Eighth Amendment rights.

27. Defendant, RUCHC, had a policy or custom of requiring inmates with serious medical needs to submit multiple Medical Health Service Request Forms, which violated Plaintiff's Eighth Amendment rights.

28. Upon information and belief, Defendant, Gail Kesselman, Psychiatrist, and/or John or Jane Doe, employed by RUCHC, was deliberately indifferent to a substantial risk of serious harm by releasing a mentally ill, violent-prone inmate into the general population, which violated Plaintiff's Eighth Amendment rights.

29. Defendant, Laura Jackson, was deliberately indifferent to a substantial risk of serious harm by failing to protect and/or intervene on Plaintiff's behalf, before and/or during the attack, which violated Plaintiff's Eighth Amendment rights. Defendant, Laura Jackson, wrote false charges against Plaintiff to cover up said deliberate indifference.

30. Defendants, Susan Cicala, Elyse Regis, and John and/or Jane Doe 1-7 were deliberately indifferent to Plaintiff's

6

serious medical needs, which violated Plaintiff's Eighth Amendment rights.

31. Defendant Frank Jordan, assaulted Plaintiff, which violated Plaintiff's Eighth Amendment rights.

32. Defendants, and each of them, acted in their own volition in violating Plaintiff's rights.

33. Defendants, and each of them, acted under color of law at all times complained of herein.

## RELIEF

34. Plaintiff requests the Court to enter judgment in favor of Plaintiff and against Defendants, and each of them, as follows:

Compensatory damages in an amount to be determined at trial;

Declaratory and Injunctive relief as the Court deems just in the premises;

Punitive damages in an amount which Plaintiff will prove; and Plaintiff's costs incurred herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 1, 2016

Martin Luther Baskerville
Pro se