***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARTIN LUTHER BASKERVILLE, JR., | : | |
| | : | Civil Action No. 15-6463 (CCC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LAURA JACKSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**CECCHI, District Judge:**

*Pro se* Plaintiff Martin Luther Baskerville, Jr. brings this action *in forma pauperis* pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Presently before the Court is a Motion to Dismiss by Defendant Gail Kesselman ("Defendant"), seeking to dismiss all claims against her. (ECF No. 15) ("Motion"). Plaintiff filed an opposition more than four months after the Motion was filed. (ECF No. 25.) Also before the Court is Plaintiff's motion for leave to file an amended complaint. (ECF No. 26.) For the reasons stated below, the Court denies Plaintiff's motion to amend, and grants the Motion in part and denies it in part.

I.     **FACTUAL BACKGROUND**

For the purposes of this Opinion, the Court accepts all facts alleged in the Complaint as true, in the light most favorable to Plaintiff, and recites only relevant facts.[1] Plaintiff's claims in the Complaint arose out of an incident that occurred in the afternoon of April 6, 2013, when another

---

[1] Because the Court is denying Plaintiff's motion to amend, the operative pleading in this matter remains the original Complaint. (ECF No. 1.)

inmate of the Northern State Prison, where Plaintiff was confined, assaulted him and caused serious physical injuries. (ECF No. 1 at 4.) Plaintiff alleges that this inmate, Frank Jordan, was mentally unstable, and had a documented history of violent behavior and attacks on other inmates. (*Id.*) Plaintiff further alleges that Defendant, Jordan's psychiatrist, knew about these risks, but nevertheless lowered the dosage of Jordan's psychotropic medications and released him into the general prison population, which then directly resulted in Jordan's attack on Plaintiff. (*Id.* at 12.) Plaintiff asserts that Defendant's actions violated his Eighth Amendment rights, for having failed to protect him from a known risk of harm. (*Id.* at 16-17.) The Court also construes the Complaint as raising state law tort claims against Defendant for negligence.

## II.   STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). On a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

2

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

### III. DISCUSSION

Defendant raises four grounds for dismissal: (1) She cannot be held liable for failing to protect Plaintiff because she was not a prison official in charge with Plaintiff's safety;[2] (2) Plaintiff fails to state a claim because Plaintiff has not alleged sufficient facts to establish an Eighth Amendment failure-to-protect claim against her; (3) Plaintiff failed to comply with the notice requirement of the New Jersey Tort Claims Act ("TCA") with respect to Plaintiff's state law tort claims against her; and (4) Plaintiff's claims against her are barred by the applicable statute of limitations. As discussed in detail below, the Court grants dismissal on Ground Three, but rejects all other grounds for dismissal.

#### A. Defendant Can Be Liable for Failure to Protect

Defendant's first argument for dismissal is that she cannot be liable for a failure-to-protect claim because "the proper defendant would have to be prison officials, if any are, who were in charge of prison security. There can be no plausible constitutional claim against a psychiatrist by a non-patient for the exercise of that medical professional's judgment regarding treatment of a third party." (ECF No. 15-2 at 6.) The Court disagrees.

---

[2] Defendant also asserts Plaintiff has not sufficiently alleged that he was denied proper medical services, because he was not the person receiving medical treatment. However, the Court does not construe the Complaint as raising a denial of medical services claim against Defendant at all.

3

The Eighth Amendment to the United States Constitution prohibits a State from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has construed the Eighth Amendment as prohibiting "conditions" that involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. *Id.* at 347. The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." *Id.* at 346 (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1956)). To state a claim under the Eighth Amendment, an inmate must satisfy both objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective element questions whether the deprivation of a basic human need is sufficiently serious; the subjective component asks whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component is contextual and responsive to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *See Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297 (internal quotation marks, emphasis, and citations omitted)); *Rhodes*, 452 U.S. at 345. What is necessary to establish an unnecessary and wanton infliction of pain varies according to the nature of the alleged constitutional violation. *Hudson*, 503 U.S. at 5.

In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," *Farmer*, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety. *Id.* at 837. "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." *Riley v. Jeffes*,

777 F.2d 143, 147 (3d Cir. 1985). "Whether . . . prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that . . . prison official[s] knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm. *Farmer*, 511 U.S. at 834.

When evaluating whether a prison official was deliberately indifferent, a court must "focus [on] what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)." *Hamilton v. Leavy*, 117 F.3d 742, 747 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 837); *see Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). If defendant had knowledge of prior incidents of obvious harm, but simply ignored them, that is sufficient to show both the objective and subjective elements of a failure-to-protect claim. *See Farmer*, 511 U.S. at 842 (holding that plaintiff can establish a failure-to-protect claim by showing "a substantial risk of [harm that was] longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official [] had been exposed to information concerning the risk"); *Liles v. Camden Cty. Dep't of Corr.*, 225 F. Supp. 2d 450, 463 (D.N.J. 2002); *Ingalls v. Florio*, 968 F. Supp. 193, 199 (D.N.J. 1997) ("[T]he chronologically earlier instances of assault may reasonably be considered by a jury as indicating a serious risk which defendants did not act to eliminate.").

Here, Plaintiff alleges Defendant was the psychiatrist who was treating Jordan, his attacker. (ECF No. 1 at 12.) He alleges Defendant was fully aware of Jordan's

> longstanding, pervasive, well documented, history of mental illness, and his propensity for violence. [Defendant] was also aware that inmate Jordan's frequent failure to take his medication and that Jordan was on force[d] medication due to his

5

> violent outburst and ass[a]ultive behavior, which was not limited to assault on staff as well as other inmates and cause serious harm.

(*Id.*) He further alleges Defendant was "fully aware of inmate Jordan's documented history of schizophrenic episodes, and the need for psychotropic medication to control his violent outbu[r]st." (*Id.*) Finally, he alleges Defendant "knowingly released a known violent, psychotic prisoner into general population after reducing his psychotropic medications that were taken to prevent violent outburst[.]" (*Id.* at 17.) These allegations, taken as true, facially state a claim that Defendant had knowledge of known risks of harm, both due to Jordan's prior incidents of obvious harm and his mental conditions, but simply ignored them.

Defendant does not expressly deny the above allegations at this stage of the litigation, but asserts that even if the allegations are true, that she was ignorant of the risks, and cannot be held liable because "security is a prison not medical issue." (ECF No. 15-2 at 6.) However, Defendant, the individual most knowledgeable about the dangers Jordan might have posed to other inmates due to his mental problems, cites to no authority for the proposition that she cannot be liable simply because she was not in charge of Plaintiff's security. Indeed, the Court's initial research does not reveal any case stating such proposition. Rather, at least one circuit has held that a psychiatrist's failure to inform other officials of a known risk of harm, relating to one of her patients, is sufficient to establish a failure-to-protect claim. *See Lee v. Willey*, 543 F. App'x 503, 505 (6th Cir. 2013) (upholding a district court's denial of summary judgment, finding that genuine dispute of material facts exists on whether defendant-psychiatrist was liable for a failure-to-protect claim due to his failure to notify custodial officials of a known risk of harm); *see also Runyon v. Smith*, 163 N.J. 439, 441 (2000) ("We acknowledge that in certain circumstances a psychologist may have a duty to warn and protect third parties or the patient from imminent, serious physical violence. As part of that duty, the psychologist would be required to disclose confidential information obtained from

6

a patient." (citing N.J. Stat. Ann. § 2A:62A-16)). Here, if the allegations are true, then Defendant had knowledge of a known risk of harm and failed to inform anyone of that risk. That is sufficient to state a failure-to-protect claim. As such, Defendant has failed to satisfy her burden of showing she is entitled to dismissal on this ground.

### B. The Complaint Sufficiently States a Failure-to-Protect Claim Against Defendant

Next, Defendant asserts that even if she can be liable for a failure-to-protect claim, Plaintiff has not sufficiently pled such a claim against her. Specifically, she asserts that "[t]he only 'fact' [Plaintiff] pleads is that the defendant lowered the medication of this alleged assailant. Even if that were true, what facts support knowledge by this defendant of a risk of danger to the prison population? Without same, there is no adequate legal basis for the claim." (ECF No. 15-2 at 7.) However, as stated above, Plaintiff pleads much more than that. He pleads that Jordan had a "longstanding, pervasive, well documented, history of mental illness [and] propensity for violence" that Defendant was aware of. (ECF No. 1 at 12.) He also pleads that Defendant prescribed medication to Jordan to control his violent tendencies. (*Id.* at 17.) He further pleads that Defendant knew Jordan had a history of not taking his medications, and had issued an order for forced medication. (*Id.*) Finally, he pleads that Defendant had lowered Jordan's medications, which led to Jordan's attack on Plaintiff. (*Id.*) It was not just the reduction of medication that contributed to Defendant's alleged deliberate indifference—it was her alleged knowledge of Jordan's violent history and her alleged acknowledgment of Jordan's need to be controlled, coupled with the alleged lack of control, that form the basis of Plaintiff's claim against her. Under a liberal construction of the Complaint, the Court cannot find that it fails to state a failure-to-protect claim against Defendant.

Defendant further argues that "Plaintiff provides no basis for his knowledge of Jordan's Health Insurance Portability and Accountability Act ("HIPAA") protected medical condition and treatment, including his medications and adjustments thereto. His assertion is pure speculation that cannot support a claim." (ECF No. 15-2 at 8.) However, that is not a pleading defect. Plaintiff may encounter problems of proof at a later stage of litigation, but at the motion to dismiss stage, the Court *must* accept as true *all* factual allegations in the Complaint. *See James*, 700 F.3d at 679. The Court is not aware of any requirement that a Plaintiff must plead how he obtained the facts supporting his claims.[3] The proper standard, on a motion to dismiss, is whether Plaintiff's assertion of right to relief rises above a speculative level. *Twombly*, 550 U.S. at 555. Plaintiff asserts specific factual allegations that Defendant reduced Jordan's medications, that she knew Jordan had a history of not taking his medications, and that she placed Jordan on an order of forced medication. These allegations are not a "formulaic recitation of the elements of a cause of action[.]" *Id.* Unless it is apparent from the face of the Complaint that Plaintiff's factual allegations are speculative or false, *see Bailey-El v. Fed. Bureau of Prisons*, 246 F. App'x 105, 109 (3d Cir. 2007), or there is evidence that Plaintiff knowingly instituted a meritless claim in bad faith, *see* Fed. R. Civ. P. 11(b), *Vanderhoff v. Pacheco*, 344 F. App'x 22, 29 (5th Cir. 2009), neither of which Defendant has established here, there is no basis for the Court to discount Plaintiff's factual allegations. Accordingly, Defendant is not entitled to dismissal on this ground.

### C. Plaintiff's State Law Tort Claims Are Subject to TCA's Notice Requirement

Next, Defendant asserts that Plaintiff's state law tort claims against her should be dismissed because Plaintiff failed to satisfy the notice requirement of the TCA. Defendant argues that she "is an employee of Rutgers, the State University. As a public entity, Rutgers is protected by the

---

[3] Perhaps Jordan himself had told other inmates of his mental conditions and treatment.

New Jersey Tort Claims Act. Further, employees of the public entity, such as [D]efendant, are similarly protected. Thus, the TCA applies to plaintiff's claim against [D]efendant." (ECF No. 15-2 at 9) (citations omitted). The Court agrees.

Under the TCA, when asserting a state tort claim against a public entity or a public employee, a plaintiff must give notice of the claim within ninety days after the cause of action has accrued. *See* N.J. Stat. Ann. § 59:8-8; *Konah v. City of Newark*, No. L-962-10, 2011 WL 1598957, at *2 (N.J. Sup. Ct. App. Div. Apr. 29, 2011); *Brown v. Twp. of Neptune*, No. 11-7162, 2014 WL 3517776, at *7 (D.N.J. July 15, 2014). This notice requirement applies to common law intentional tort claims, *Ptaszynski v. Uwaneme*, 371 N.J. Super. 333, 343 (App. Div. 2004), as well as negligent conduct, *Velez v. City of Jersey City*, 180 N.J. 284, 292-93 (2004). This ninety-day notice period may be extended by a court upon a finding of "sufficient reasons constituting extraordinary circumstances for [the plaintiff's] failure to file notice of claim within the period of time prescribed," but only if the plaintiff files a late notice "within one year after the accrual of his claim[.]" N.J. Stat. Ann. § 59:8-9; *see Slater v. Hardin*, No. L-8574-09, 2014 WL 923337, at *5 (N.J. Sup. Ct. App. Div. Mar. 11, 2014). Plaintiffs who do not comply with this requirement are "forever barred" from recovering on their claim. *See* N.J. Stat. Ann. § 59:8-8. Notice is important because it provides state agencies the "opportunity to investigate the claims, and take disciplinary or other appropriate action to rectify inappropriate behavior or flawed practices[.]" *Mawhinney v. Francesco*, No. 08-3317, 2010 WL 2557713, at *9 (D.N.J. Jun. 22, 2010) (quoting *Velez*, 180 N.J. at 293). Failure to file a notice of claim is a ground for dismissal at the motion to dismiss stage. *See William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. Sup. Ct. App. Div. Oct. 24, 2014).

Here, because Plaintiff claims relief under state law, he must follow established state procedures. *See Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011) ("The District Court [] properly recognized that Murphy did not follow the proper procedure for bringing a [state law] claim . . . as required by state law."). The question of whether Rutgers is a public entity covered by the TCA has already been answered by the New Jersey Supreme Court. *Fine v. Rutgers, State Univ. of N.J.*, 163 N.J. 464, 468 (2000) ("Rutgers is considered a public agency for purposes of . . . the Tort Claims Act[.]"). By implication, Defendant, an employee of that public entity, is also covered by the TCA. N.J. Stat. Ann. § 59:8-3. In Plaintiff's opposition, he does not dispute Defendant's assertion that he has not filed a notice of claim as required by the TCA. Instead, he asserts that he has not raised any state-law claims at all, effectively disavowing any such claims in the Complaint. (*See* ECF No. 25 at 6.) Thus, to the extent the Complaint may be construed as raising state law tort claims, the Court dismisses those claims against Defendant.

### D. Plaintiff's § 1983 Claims are not Barred by the Applicable Statute of Limitations

Next, Defendant asserts that Plaintiff's failure-to-protect claim against her is barred by the applicable statute of limitations. Because the incident that gave rise to Plaintiff's failure-to-protect claim against Defendant occurred on April 6, 2013, (ECF No. 1 at 4), and the Complaint was not filed until August 25, 2015, more than two years after the alleged assault, Defendant argues that Plaintiff's claim is time-barred. The Court disagrees.

Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Lagano*, 769 F.3d at 859. Accordingly, New Jersey's two-

year limitations period on personal injury actions governs Plaintiff's claims here. *Id.* Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J. Stat. Ann. § 2A:14-2; *Lagano*, 769 F.3d at 859.

The statute of limitations defense is an affirmative defense that the defendants generally must plead and prove. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015), if the allegations of a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see Stephens*, 796 F.3d at 288.

Here, while Defendant is correct that the Complaint was indeed filed more than two years after the alleged assault, she also correctly recognized that Plaintiff may be entitled to tolling for the period during which he was seeking administrative remedies. The Third Circuit has held that because federal law requires the exhaustion of administrative remedies for certain civil rights claims, *see* 42 U.S.C. § 1997e(a), tolling is appropriate for the period during which a plaintiff seeks administrative remedies, provided that the state statute of limitations allows for such tolling. *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015). New Jersey law provides for such tolling. *W.V. Pangborne & Co. v. N.J. Dep't of Transp.*, 116 N.J. 543, 556-57 (1989) ("The general rule is that in order that the pendency of other proceedings shall have the effect of tolling the statute of limitations on a cause of action, the proceedings must be such as to prevent enforcement of the remedy by action."). The Complaint specifically alleges that Plaintiff sought administrative remedies on May 1, 2013, (ECF No. 1 at 10), and that he exhausted all of his administrative remedies "on or about October 2013," (*id.* at 4). Hence, if § 1997e(a) requires

Plaintiff to exhaust administrative remedies, Plaintiff is entitled to tolling on his failure-to-protect claim from May 1, 2013 to at least October 1, 2013.

Defendant initially argued that Plaintiff is not entitled to tolling, because his failure-to-protect claim is not subject to the exhaustion requirement under § 1997e(a). (ECF No. 15-2 at 12.) She then later submitted additional briefing, conceding that Plaintiff's failure-to-protect claim was subject to mandatory exhaustion. (ECF No. 34 at 1); *see Freeman v. Miller*, 615 F. App'x 72, 77 (3d Cir. 2015) (holding that exhaustion is required under § 1997e(a) for Eighth Amendment failure-to-protect claims asserted by prisoners). Defendant now argues that because Plaintiff did not provide proof of seeking administrative exhaustion beyond what has been pled in the Complaint, the Court should discount Plaintiff's factual allegations. Again, the Court reiterates the standard of review on a motion to dismiss—the Court must accept all factual allegations in the Complaint as true, and it is *Defendant's* burden to show that no claim as been presented. Simply attacking the truthfulness of Plaintiff allegations is insufficient to warrant dismissal. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense . . . , and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) ("[A] plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense.").[4] Instead, because Plaintiff was required to exhaust administrative remedies, and he did indeed seek and exhaust said remedies according to his allegations, he is entitled to tolling of his statute of limitations period from May 1, 2013 to October 1, 2013, a period of 153 days. Given that the Complaint was filed only 141 days after the

---

[4] Defendant, of course, bears the burden of proving an affirmative defense. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.6 (3d Cir. 2016).

two-year limitations period expired, it was timely. Thus, Defendant is not entitled to dismissal on this ground.

### E. Motion to Amend

Finally, the Court addresses Plaintiff's motion to amend. In his proposed amended complaint, Plaintiff essentially reasserts the same allegations against the existing defendants as those made in the original Complaint, with the only material differences being that Plaintiff seeks to add additional defendants, namely Defendant Rutgers University Correctional Health Care ("RUCHC") and john doe defendants. (*See* ECF No. 26-3 at 2.) However, Plaintiff's additional claims against these new defendants are barred by the statute of limitations.

As stated above, the Complaint was filed 141 days after the two-year limitations period expired. Because the Court finds that Plaintiff is entitled to tolling for the 153 days during which he was seeking administrative remedies, the Complaint itself was within time, but only by 12 days. The instant motion to amend was filed on June 9, 2016, almost ten months after the Complaint was filed, so whatever new claims asserted in the proposed amended complaint are time-barred.

Plaintiff attempts to overcome this deficiency by asserting that "[t]his motion is based upon the ground that the claims asserted in the Amended Complaint relates back to the dates in the original pleading and conforms to evidence." (ECF No. 26 at 1.) "Rule 15(c) . . . sets forth the requirements that determine whether an amendment adding an entirely new defendant will relate back to the original date of the filing of the complaint for the purposes of the governing statute of limitations." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). When a plaintiff attempts to add a new party in an amendment, that amendment may rely on the relating-back provision of Rule 15(c) only if "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by an amendment: (i) received such notice of the action that it will not

be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *see Krupski v. Costa Crociere S. p.A.*, 560 U.S. 538, 541 (2010).[5] In *Krupski*, the Supreme Court held that the only relevant inquiry, in deciding whether an amendment to add a party can benefit from the relating-back provision, is whether "the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski*, 560 U.S. at 541. It is the plaintiff's burden to show that the new party had actual or constructive notice of the lawsuit within the Rule 4(m) period. *Bullock v. Cabasa*, No. 10-1412, 2013 WL 6253432, at *6 (D.N.J. Dec. 4, 2013).

Here, Plaintiff does not even attempt to explain whether his failure to include RUCHC and the john doe defendants in the original Complaint was simply a mistake or oversight; in fact, Plaintiff provides no explanation at all for his failure. Since Plaintiff's claims against the john doe defendants require, obviously, new factual allegations regarding their conduct, the Court cannot envision a scenario where any such defendant would have actual or constructive notice, through the original Complaint, that the lawsuit was filed against them during the Rule 4(m) service period. Without notice of what they allegedly did wrong, no reasonable person would think that they are in fact being sued. Therefore, the amendments to add the john doe defendants would not relate back to the original filing date, and such amendments are futile given that they are time-barred.

With regard to RUCHU, because it is the employer of several named defendants in the original Complaint, normally, the Court might allow an amendment to add such a defendant through the relating-back provision, under the theory of *respondeat superior* liability. Under

---

[5] The Rule 4(m) service period for the instant matter was 120 days, as the matter was filed before the 2015 amendment to the rule took effect.

*respondeat superior* liability, RUCHU ordinarily would be liable for any tort committed by its employees during the course of their employment, so a tort claim against an employee can be construed, plausibly, as encompassing a claim against the employer as well. However, there is no *respondeat superior* liability in § 1983 actions. In a § 1983 action, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Because § 1983 claims against RUCHU require culpable conduct by RUCHU *itself*, in order to add RUCHU to the case, Plaintiff has to plead new factual allegations regarding RUCHU's conduct. That is exactly what Plaintiff does in the proposed amended complaint. (*See* ECF No. 26-3 at 6.) Accordingly, for the same reasons why the Court rejected Plaintiff's amendments to add john doe defendants, the Court finds that RUCHU did not have actual or constructive notice that the lawsuit was filed against it during the Rule 4(m) service period. Thus, the amendments to add RUCHU also would not relate back to the original filing date, and they are futile given that they are time-barred. As such, the motion to amend is denied. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiff's state law tort claims against Defendant are DISMISSED. Plaintiff's motion to amend is DENIED.

_____
**Claire C. Cecchi, U.S.D.J.**

Dated: August 24, 2016