| | |
|---|---|
| MARTIN LUTHER BASKERVILLE, JR., <br><br> Plaintiff, <br><br> v. <br><br> LAURA JACKSON, et al. <br><br> Defendants. | **UNITED STATES DISTRICT COURT** <br> **DISTRICT OF NEW JERSEY** <br><br> CIVIL ACTION NO. 2:15-CV-06463-CCC-MF |

---

### DEFENDANTS ELYSE REGIS, R.N. AND DR. GAYLE KESSELMAN'S BRIEF IN SUPPORT OF THEIR MOTION TO SEAL MATERIALS PURSUANT TO LOCAL CIVIL RULE 5.3

---

 

                                            Candice H. Rienzo, Esq.
                                            NORRIS, McLAUGHLIN, P.A.
                                            400 Crossing Boulevard, 8th Floor
                                            Bridgewater, New Jersey 08807-5933
                                            908-722-0700
                                            Fax: 908-722-0755
                                            Email: chrienzo@norris-law.com
                                            Attorneys for Defendants, Elyse Regis, R.N. and
                                            Dr. Gayle Kesselman

On the Brief:
    Candice H. Rienzo, Esq.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS ............................................................................................ 2

LEGAL ARGUMENT .................................................................................................. 3

    EXHIBIT C TO THE MEDICAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE SEALED AS IT CONTAINS PLAINTIFF'S PROTECTED HEALTH INFORMATION ................................................................ 3

    A.    Standard for sealing under Local Civil Rule 5.3 ........................................ 3

    B.    Basis for Sealing Exhibit C to the Medical Defendants' Motion for Summary Judgment Pursuant to Local Civil Rule 5.3(c)(2). .......................... 4

CONCLUSION .............................................................................................................. 6

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

Doe v. Delie,
    257 F.3d 309 (3d Cir. 2001) ............................................................................... 4

Harris v. Nielsen,
    No. CIV.09-2982RBK/AMD, 2010 WL 2521434 (D.N.J. June 15, 2010) ..... 3, 4

In re Cendant Corp.,
    260 F.3d 183 (3d Cir.2001) ................................................................................ 3

Miller v. Indiana Hosp.,
    16 F.3d 549 (3d Cir. 1994) ................................................................................. 3

Securimetrics, Inc. v. Iridian Techs., Inc.,
    No. 03–4394, 2006 WL 827889 (D.N.J. Mar.30, 2006) ..................................... 3

**FEDERAL STATUTES**

Health Insurance Portability and Accountability Act ............................................ 1, 4

**RULES**

L. Civ. R. 5.3 ............................................................................................................ 3

L. Civ. R. 5.3(a)(1) ................................................................................................... 3

L. Civ. R. 5.3(c)(2) ........................................................................................ 1, 3, 4, 5

**CONSTITUTIONAL PROVISIONS**

Eighth Amendment .................................................................................................. 2

Fourteenth Amendment ........................................................................................... 2

**PRELIMINARY STATEMENT**

Defendants, Elyse Regis, R.N. and Dr. Gayle Kesselman (jointly the "Medical Defendants"), move to seal Exhibit C to the Certification of Margaret Raymond-Flood, Esq. dated October 16, 2020, which is a copy of the relevant portions of the medical records of Plaintiff, Martin Luther Baskerville, Jr. ("Plaintiff" or "Baskerville") filed in support of the Medical Defendants' motion for summary judgment pursuant to Local Civil Rule 5.3(c)(2). These materials should be sealed since they contain Plaintiff's personal and individually identifiable health information which include, among other things, the individual's past, present or future physical or mental health or condition and the provision of healthcare to the individual which is protected from disclosure pursuant to the Health Insurance Portability and Accountability Act ("HIPAA").

## STATEMENT OF FACTS

In this matter, Plaintiff alleges that the Medical Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments.

The Medical Defendants deny all of Plaintiff's allegations and are filing a motion for summary judgment as the record is devoid of facts showing that the Medical Defendants acted with deliberate indifference. In support of the Medical Defendants' motion for summary judgment, they submit a number of Plaintiff's medical records as Exhibit C to the Certification of Margaret Raymond-Flood dated October 16, 2020 ("Exhibit C"). Those medical records contain Plaintiff's protected health information. As such, the Medical Defendants move to seal Exhibit C.

## LEGAL ARGUMENT

## EXHIBIT C TO THE MEDICAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE SEALED AS IT CONTAINS PLAINTIFF'S PROTECTED HEALTH INFORMATION

**A.     Standard for sealing under Local Civil Rule 5.3**

In the District Court of New Jersey, Local Civil Rule 5.3 "govern[s] any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making." L. Civ. R. 5.3(a)(1).

"[T]here is a 'common law public right of access to judicial proceedings and records.'" In re Cendant Corp., 260 F.3d 183, 192 (3d Cir.2001). "In order to overcome this presumption of a public right of access, the movant must demonstrate that 'good cause' exists for the protection of the material at issue." Harris v. Nielsen, No. CIV.09-2982RBK/AMD, 2010 WL 2521434, at *2 (D.N.J. June 15, 2010) (citing Securimetrics, Inc. v. Iridian Techs., Inc., No. 03–4394, 2006 WL 827889, at *2 (D.N.J. Mar.30, 2006).

The party seeking to seal material has the burden to show that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994)(citation omitted). Specifically, pursuant to L. Civ. R. 5.3(c)(2), the party must show:

(a)     The nature of the materials or proceedings at issue,

(b)     The legitimate private or public interests which warrant the relief sought,

(c)     The clearly defined and serious injury that would result if the relief sought is not granted, and

(d)     Why a less restrictive alternative to the relief sought is not available.

Further, the party moving to seal must submit a proposed order that contains "Proposed Findings of Fact and Conclusions of Law." L. Civ. R. 5.3(c)(2).

**B.     Basis for Sealing Exhibit C to the Medical Defendants' Motion for Summary Judgment Pursuant to Local Civil Rule 5.3(c)(2).**

The Medical Defendants' motion to seal the medical records in Exhibit C should be granted because it meets all four requirements set forth under L. Civ. R. 5.3(c)(2). First, the materials that the Medical Defendants seek to seal are Plaintiff's medical records. Second, those records contain health information that is both private and protected from disclosure pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). New Jersey courts have recognized an individual's right to privacy in his or her medical information. See Harris, 2010 WL 2521434 at *4; Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001). The Medical Defendants move to seal the records to comply with HIPAA as the legitimate private interests require such relief.

Third, serious injury would result if the motion to seal materials is not granted and Plaintiff's medical information is disclosed to the public. Although Plaintiff is in a better position to state with specificity the harm that would be caused by the dissemination of his medical records, the recognized privacy interests in Plaintiff's medical information that are further protected by HIPAA warrants sealing of the records. See Id. (finding "disclosure of Plaintiff's medical history and personal identifying numbers to be a clearly defined serious injury sufficient to support the sealing of the documents"). Finally, a less restrictive alternative to the relief sought is not available here in that the protected medical information cannot be redacted. A complete version of the relevant medical records are necessary because the documents and information in those records specifically set forth the basis for the Statement of Undisputed Material Facts filed in support of the Medical Defendants' motion for summary judgment. Moreover, they specifically demonstrate the medical care and treatment that Plaintiff received from the Medical Defendants. In addition, although the medical records will be sealed, if

granted, all other portions of the summary judgment motion, including the Statement of Undisputed Material Facts and the Legal Brief will be available to the public.

An analysis of the four factors pursuant to L. Civ. R. 5.3(c)(2) in this matter establishes good cause to seal Exhibit C of the Certification of Margaret Raymond-Flood in support of the Medical Defendants' Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, Defendants, Elyse Regis, R.N. and Dr. Gayle Kesselman, respectfully submit that their Motion to Seal Exhibit C of the Certification of Margaret Raymond-Flood in support of their Motion for Summary Judgment be granted.

Respectfully submitted,

**NORRIS McLAUGHLIN, P.A.**
Attorneys for Defendants, Elyse Regis, R.N. and
Dr. Gayle Kesselman


By: s/ Candice H. Rienzo

Dated: October 16, 2020