| | : | |
| | : | |
| | : | |
| MARTIN LUTHER BASKERVILLE, JR., | : | UNITED STATES DISTRICT COURT |
| | | FOR THE DISTRICT OF NEW JERSEY |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO:  2:15-CV-06463-CCC-MF |
| | : | |
| LAURA JACKSON, et al. | : | |
| | : | DOCUMENT ELECTRONICALLY FILED |
| Defendants. | : | |
| | : | |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, ELYSE REGIS, R.N. AND DR. GAYLE KESSLMAN

Margaret Raymond-Flood, Esq.
NORRIS, McLAUGHLIN, P.A.
400 Crossing Boulevard
8th Floor
Bridgewater, New Jersey 08807
D:  (908) 252-4228
F:  (908) 722-0755
E: mraymondflood@norris-law.com
Attorneys for defendants, Elyse Regis, R.N. and Dr. Gayle Kesselman

On the Brief:
     Margaret Raymond-Flood, Esq.
     Candice H. Rienzo, Esq.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

LEGAL ARGUMENT ...................................................................................................... 3

POINT I    SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF THE
MEDICAL DEFENDANTS SINCE THERE IS NO GENUINE ISSUE OF
MATERIAL FACT ................................................................................... 3

POINT II   PLAINTIFF'S CLAIMS AGAINST DR. KESSELMAN ALLEGING
DELIBERATE INDIFFERENCE SHOULD BE DISMISSED BASED ON
THE UNDISPUTED FACTS AND GOVERNING CASE LAW ............................ 5

POINT III  PLAINTIFF'S CLAIMS AGAINST NURSE REGIS ALLEGING
DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
SHOULD BE DISMISSED BASED ON THE UNDISPUTED FACTS AND
GOVERNING CASE LAW ........................................................................ 8

POINT IV   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH
PREJUDICE AS AGAINST THE MEDICAL DEFENDANTS AS
PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE
REMEDIES ........................................................................................... 15

POINT V    PLAINTIFF'S CLAIMS AGAINST THE MEDICAL DEFENDANTS ARE
TIME BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS ........... 17

POINT VI   PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM SHOULD BE
DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF'S CLAIMS
AROSE DURING HIS INCARCERATION ..................................................... 18

CONCLUSION ................................................................................................................. 19

**TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)........................................................................................3, 4

Baumgardner v. Ebbert,
    535 F. App'x 72 (3d Cir. 2013) .................................................................8

Beers–Capitol v. Whetzel,
    256 F.3d 120 (3d Cir. 2001)......................................................................6

Bizzell v. Tennis,
    449 F. App'x 112 (3d Cir. 2011) .............................................................6

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)..................................................................................3

Colburn v. Upper Darby Twp.,
    946 F.2d 1017 (3d Cir. 1991)...................................................................9

Durmer v. O'Carroll,
    991 F.2d 64 (3d Cir. 1993).................................................................10, 11

Estelle v. Gamble,
    429 U.S. 97 (1976).......................................................................... passim

Evans v. Cameron,
    442 Fed. Appx. 704 (3d Cir. 2011) ........................................................7

Farmer v. Brennan,
    511 U.S. 825 (1994)........................................................................5, 6, 10

Freeman v. Miller,
    615 F. App'x 72 (3d Cir. 2015) ...............................................................5

Giles v. Kearney,
    571 F.3d 318 (3d Cir. 2009).....................................................................8

Green v. Mazzone,
    2002 WL 1636709 (D.N.J. 2002) .....................................................12, 13

Helling v. McKinney,
    509 U.S. 25 (1993)....................................................................................8

Jetter v. Beard,
    130 F. App'x 523 (3d Cir. 2005), cert. denied, 546 U.S. 985 (2005)....................12

Jones v. Bock,
    549 U.S. 199 (2007)................................................................................................15

Kingsley v. Hendrickson,
    --U.S.--, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015)................................................18

Maqbool v. Univ. Hosp. of Med. & Dentistry of N.J.,
    2012 WL 2374689 (D.N.J. June 13, 2012)............................................................11

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986)............................................................................................3, 4

Mattern v. City of Sea Isle,
    131 F. Supp.3d 305 (D.N.J. 2015), aff'd., 657 F. App'x 134 (3d Cir 2016) ..........18

Miller v. Indiana Hosp.,
    843 F.2d 139 (3d Cir. 1988)....................................................................................3

Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro,
    834 F.2d 326 (3d Cir. 1987)....................................................................................9

Owens v. Okure,
    488 U.S. 235 (1989)..............................................................................................17

Porter v. Nussle,
    534 U.S. 516 (2002)..............................................................................................15

Rouse v. Plantier,
    182 F.3d 192 (3d Cir. 1999)...............................................................................8, 10

Schoch v. First Fid. Bancorporation,
    912 F.2d 654 (3d Cir. 1990)....................................................................................3

Spruill v. Gillis,
    372 F.3d 218 (3d Cir. 2004)..................................................................................15

Tsakonas v. Cicchi,
    308 F. App'x 628 (3d Cir. 2009) .............................................................................9

United States ex. rel Walker v. Fayette County, Pa.,
    599 F.2d 573 (3d Cir. 1979)..................................................................................11

Watkins v. Nabisco Biscuit Co.,
    224 F. Supp.2d 852 (D.N.J. 2002) ..........................................................................3

White v. Napoleon,
    897 F.2d 103 (3d Cir. 1990)..................................................................................11

Wilson v. Cartwright,
    557 F. Supp.2d 482 (D. Del. 2008) ...................................................................10

Wilson v. Garcia,
    471 U.S. 261 (1985) ........................................................................................17

Wise v. Ranck,
    340 Fed. Appx. 765 (3d Cir. 2009) ................................................................6, 7

Woodford v. Ngo,
    548 U.S. 81 (2006) ..........................................................................................15

## FEDERAL STATUTES

Prisoner Litigation Reform Act of 1995 ...................................................................2, 15

28 U.S.C. 1915(e)(2)(B) .............................................................................................7

42 U.S.C. § 1983 ................................................................................................15, 17

42 U.S.C. § 1997e(a) ...............................................................................................15

## STATUTES

N.J.S.A. 2A:14-2 .....................................................................................................17

## REGULATIONS

N.J.A.C. 10A:1-4.1 ..................................................................................................15

N.J.A.C. 10A:1-4.4(d) ..............................................................................................16

N.J.A.C. 10A:1-4.5(c) ..............................................................................................16

## RULES

Fed. R. Civ. P. 56 ......................................................................................................2

Fed. R. Civ. P. 56(a) ..................................................................................................3

## CONSTITUTIONAL PROVISIONS

Eighth Amendment ............................................................................................ passim

Fourteenth Amendment .......................................................................................1, 2, 18

## PRELIMINARY STATEMENT

Plaintiff, Martin Luther Baskerville, Jr., filed a Complaint on August 27, 2015 against defendants, including Elyse Regis, R.N. ("Nurse Regis") and Dr. Gayle Kesselman ("Dr. Kesselman") (jointly "Medical Defendants"), alleging violations of his constitutional rights under the Eighth and Fourteenth Amendments as a result of an incident that occurred on April 6, 2013 when Plaintiff allegedly sustained injuries following an assault by another inmate, Frank Jordan ("Jordan"). Jordan took responsibility for the attack, advising the New Jersey Department of Corrections ("DOC") that he was friends with Plaintiff at the time of the attack and that he attacked Plaintiff when Plaintiff said something he did not like.

With regard to Dr. Kesselman, a Psychiatrist at Northern State Prison in the Department of Mental Health, Plaintiff asserts a failure to protect claim, alleging that Dr. Kesselman was aware of Jordan's "longstanding, pervasive, well documented, history of mental illness, and his propensity for violence" and his failure to take his medication, which was to prevent his violent outburst and assaultive behavior.  Plaintiff, however, has produced no evidence to support this claim.  Plaintiff's claim against Dr. Kesselman should be dismissed as a matter of law and summary judgment should be granted as to Dr. Kesselman.

Plaintiff also asserts a claim of deliberate indifference against Nurse Regis related to improper treatment for the alleged injuries he sustained as a result of the attack. Although Plaintiff claims Nurse Regis was unconcerned about  his injuries and denied Plaintiff's request to see a medical doctor when he was seen by Nurse Regis after the attack, the undisputed facts establish that Nurse Regis indeed provided treatment to Plaintiff following the incident, at which time Nurse Regis notified the on-call doctor, and an order was received to administer Motrin, schedule an x-ray and apply ice packs, which was carried out. The medical records further demonstrate that Plaintiff was examined and tested based on his complaints by other medical

providers after Plaintiff saw Nurse Regis and was also referred to and evaluated by medical specialists.

Even assuming Plaintiff could demonstrate that he had what was considered to be a "serious medical condition" under the law (which he cannot do), his claim nevertheless fails because he cannot demonstrate that Nurse Regis acted with deliberate indifference. That is, the record is devoid of evidence showing that Nurse Regis acted with criminal recklessness, disregarding a risk of harm of which he was aware. As such, Nurse Regis is entitled to summary judgment with prejudice dismissing Plaintiff's claim against him.

In addition, Plaintiff's Complaint against the Medical Defendants is barred pursuant to the Prisoner Litigation Reform Act of 1995 ("PLRA") because Plaintiff failed to exhaust his administrative remedies, as required. Since Plaintiff is not entitled to tolling due to his failure to exhaust his administrative remedies, Plaintiff's claims are also barred by the applicable two (2) year statute of limitations. As such, the Medical Defendants are entitled to summary judgment as a matter of law on these bases as well.

Lastly, any claim Plaintiff seeks to pursue for deliberate indifference against the Medical Defendants can be pursued only under the Eighth Amendment and, therefore, Plaintiff's claim under the Fourteenth Amendment must be dismissed.

## **STATEMENT OF FACTS**

The Medical Defendants rely on and incorporate herein the accompanying Statement of Undisputed Material Facts ("SUMF") pursuant to Fed. R. Civ. P. 56.

**LEGAL ARGUMENT**

**POINT I**

**SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF THE MEDICAL DEFENDANTS SINCE THERE IS NO GENUINE ISSUE OF MATERIAL FACT**

Fed. R. Civ. P. 56(a) provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In granting summary judgment, the Court will consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to determine whether there is such a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable inferences are drawn in favor of the non-movant, but the non-movant "cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial." Watkins v. Nabisco Biscuit Co., 224 F. Supp.2d 852, 860 (D.N.J. 2002). "'Unsupported allegations in a memorandum and pleadings are insufficient to repel summary judgment.'" Id. (quoting Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990)) (internal alterations omitted).

To avoid summary judgment, the nonmoving party must demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of a "genuine issue of material fact" justifying trial. Miller v. Indiana Hosp., 843 F.2d 139, 143 (3d Cir. 1988). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.  Further, summary judgment may be granted if the nonmoving party's "evidence is merely colorable or is not significantly probative." Anderson, 477 U.S. at 249-50.

Here, no genuine issues of material fact exist. For the reasons set forth in detail below, summary judgment should be granted in favor of the Medical Defendants dismissing Plaintiff's Complaint with prejudice.

## POINT II

## PLAINTIFF'S CLAIMS AGAINST DR. KESSELMAN ALLEGING DELIBERATE INDIFFERENCE SHOULD BE DISMISSED BASED ON THE UNDISPUTED FACTS AND GOVERNING CASE LAW

Plaintiff's Complaint sets forth a failure to protect claim of "deliberate indifference" against Dr. Kesselman regarding the alleged reduction in defendant Jordan's psychotropic medication and releasing him into the prison population.  Plaintiff's claim should be dismissed as he has failed to produce any evidence to show Dr. Kesselman knew or should have known defendant Jordan would present an imminent physical risk to Plaintiff.

"The Eighth Amendment requires prison officials 'to protect prisoners from violence at the hands of other prisoners.'" Freeman v. Miller, 615 F. App'x 72, 75-76 (3d Cir. 2015) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation omitted)). "Not every prisoner-inflicted injury, however, amounts to a constitutional violation." Freeman, 615 F. App'x at 76 (citing Farmer, 511 U.S. at 834). Therefore, "[t]o establish a failure-to-protect claim, a prisoner must show that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm" and (2) prison officials acted with "deliberate indifference"—that is, they knew of and disregarded an excessive risk to his safety." Freeman, 615 F. App'x at 76. "Merely negligent conduct is insufficient." Id.

To satisfy the second prong, the prisoner must be able to show that the "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.  A prison official's knowledge of a substantial risk is a question of fact that can be proven by circumstantial evidence. Farmer, 511 U.S. at 837. For instance,

> [I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant official had actual knowledge of the risk.'

Farmer, 511 U.S. at 842-43 (citations omitted).

"[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers–Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). For example, in Bizzell v. Tennis, 449 F. App'x 112, 113 (3d Cir. 2011), the plaintiff prisoner was paired with a new cellmate "whose threatening remarks, erratic behavior, and racialist tendencies were cause for some alarm." Plaintiff claimed he had advised the defendant prison officials of his "stormy relationship" with his cellmate. Id. After complaining to several individuals, including defendants, on the day of the incident, the cellmate physically attacked plaintiff. Id. at 113-114. The plaintiff thereafter filed suit claiming defendants were deliberately indifferent to an excessive risk of harm to plaintiff's safety after he was assaulted by his cellmate. Id. at 114. The District Court granted summary judgment in favor of the defendants. Id. The Third Circuit affirmed finding that "there [was] no indication that the defendants were aware of a serious risk posed to [plaintiff] by [his cellmate]" and plaintiff's cellmate's "disciplinary history…suggests a troublemaker with violent tendencies" that predated the attack "and therefore did not suggest an immediate risk of violence." Id. at 115.

Further, in Wise v. Ranck, 340 Fed. Appx. 765 (3d Cir. 2009), the plaintiff prisoner claimed the defendant prison official violated his Eighth Amendment right by failing to protect him from his former cellmate who stabbed him. Specifically, plaintiff alleged defendant "knew of his cellmate's history of antisocial and territorial behavior, but placed him in a two-man cell

with the cell mate anyway" and that plaintiff warned defendant of his cellmate earlier on the day he was injured but neither inmate was moved from the cell. Id. at 766. The District Court granted the prison official's motion for summary judgment. Id. Plaintiff appealed and the Third Circuit concluded the District Court properly granted summary judgment and dismissed the appeal, finding it lacked arguable merit, pursuant to 28 U.S.C. 1915(e)(2)(B). Id.; 28 U.S.C. 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that…the action or appeal…(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"). The court held that the prison official's knowledge of plaintiff's former cellmate's history of "antisocial and territorial behavior" and difficulty with other cellmates did not rise to the level of "the requisite knowledge of a substantial risk of serious harm to" plaintiff. Id. at 767. See also, Evans v. Cameron, 442 Fed. Appx. 704, 706-707 (3d Cir. 2011)(affirming summary judgment in favor of defendant prison officials, noting that "[plaintiff] did not challenge the defendants' assertion that the history of events before the assault on [defendant] in his cell showed no history of violence or threat of violence against [defendant]).

Here, Plaintiff cannot show either of the elements needed to support a failure to protect claim. In fact, Plaintiff has produced no evidence to support his claim that Dr. Kesselman was aware of an immediate threat of violence to Plaintiff by Jordan. Further, Jordan acknowledged that the attack was a spur-of-the-moment incident, and Plaintiff has produced no evidence to the contrary. See SUMF, para. 7. Accordingly, Plaintiff's claim of deliberate indifference against Dr. Kesselman should be dismissed with prejudice.

**POINT III**

**PLAINTIFF'S CLAIMS AGAINST NURSE REGIS ALLEGING DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED SHOULD BE DISMISSED BASED ON THE UNDISPUTED FACTS AND GOVERNING CASE LAW**

Plaintiff provides no facts to support his claim of deliberate indifference against Nurse Regis. Although Plaintiff alleges that Nurse Regis provided improper treatment for the injuries allegedly sustained by Plaintiff as a result of the attack by defendant Jordan, he provides no factual support for his allegations. Plaintiff's medical treatment, as documented by the medical record and set forth in the SUMF, makes clear that Plaintiff's medical providers, including Nurse Regis, were in no way indifferent to Plaintiff's medical needs. SUMF, paras. 8-24.

The United States Supreme Court has held that failure to provide adequate medical treatment to prisoners may constitute an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97 (1976). However, to substantiate such a claim, our courts have set a high standard. "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Baumgardner v. Ebbert, 535 F. App'x 72 (3d Cir. 2013)(citing Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009)). To succeed on an Eighth Amendment claim under Estelle, plaintiff must show: (1) there was an objectively serious medical condition; and (2) there was a subjectively deliberate indifference to that condition on the part of prison officials. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "The Eighth Amendment prohibits the imposition of 'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'" Rouse v. Plantier, 182 F.3d at 197 (quoting Helling v. McKinney, 509 U.S. 25, 32 (1993)).

In this matter, Plaintiff has not made a sufficient showing of either element to assert a sustainable deliberate indifference claim against Nurse Regis as set forth in detail below.

Plaintiff also cannot demonstrate that Nurse Regis in any way caused him harm.  Accordingly, the Complaint as against Nurse Regis must be dismissed with prejudice.

### A.    Plaintiff has failed to show that he suffered a serious medical need.

With regard to the first prong of the Estelle standard, "the concept of a serious medical need...has two components, one relating to the consequences of a failure to treat and one relating to the obviousness of those consequences." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991).  First, "[t]he detainee's condition must be such that a failure to treat [it] can be expected to lead to substantial and unnecessary suffering, injury, or death." Id. (emphasis added).  Second, "the condition must be one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." (citing Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)); see also Tsakonas v. Cicchi, 308 F. App'x 628, 632 (3d Cir. 2009). Therefore, the determination of "[t]he seriousness of an inmate's medical needs" is made by "reference to the effect of denying the particular treatment." Monmouth Cnty., 834 F.2d at 347. For example, if "unnecessary and wanton infliction of pain," is a consequence of the denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment. Estelle, 429 U.S. at 103, 105.  "In addition, where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Plaintiff's purported injuries here, however, are not of the serious nature contemplated by the Eighth Amendment. Plaintiff alleges that he sustained a possible concussion and injuries to his upper lip, nose, upper teeth and right elbow as a result of the physical attack by defendant

Jordan. <u>See</u> SUMF, paras. __.  Plaintiff provides nothing to demonstrate that he suffered a life-long handicap or permanent loss.  Moreover, Plaintiff has produced no evidence to show that Nurse Regis unnecessarily and wantonly inflicted pain on Plaintiff. To the contrary, as set forth in the medical record and SUMF, Plaintiff received various forms of care and treatment for his complaints of injuries following the alleged attack from Nurse Regis and others. <u>See</u> SUMF, paras. 8-24.  Specifically, Plaintiff's care consisted of administration of pain medication, diagnostic studies, and evaluations and treatment by various medical providers.  <u>See</u> <u>Id.</u>

Accordingly, the undisputed facts establish that Plaintiff is unable to satisfy the first prong of the Eighth Amendment standard requiring that he show that he suffered a "serious medical condition."

### B.  Plaintiff has failed to show that Nurse Regis was deliberately indifferent to his alleged medical condition.

With regard to establishing the second prong of a deliberate indifference claim under the <u>Estelle</u> standard, it is well-established that mere negligence or medical malpractice does not constitute deliberate indifference without some more culpable state of mind.  <u>Rouse</u>, 182 F.3d at 197; <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 67 (3d Cir. 1993).  Specifically, deliberate indifference will only be shown where there is criminal recklessness, *i.e.* where the medical official in question has "disregard[ed] a risk of harm of which he is aware."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)..  <u>See also</u>, <u>Wilson v. Cartwright</u>, 557 F. Supp.2d 482 (D. Del. 2008) (no deliberate indifference where the prisoner asked for and received treatment, and, when the first attempt at treatment was unsuccessful, further tests were performed and further medical care provided).

Furthermore, a mere disagreement over a prison inmate's medical course of treatment will not substantiate an Eighth Amendment claim.  "Where a prisoner has received some medical

attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex. rel Walker v. Fayette County, Pa., 599 F.2d 573, 575 n. 2 (3d Cir. 1979). "[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). The Supreme Court has long held that the issue of whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." Estelle, 429 U.S. at 107.

In addition, "inconsistencies or differences in medical diagnoses, short delays unaccompanied by arbitrary or unduly burdensome bureaucratic procedures, and the refusal to summon the medical specialist of the inmate's choice, perform tests or procedures that the inmate desires, or to explain to the inmate the reason for medical action or inaction, however, does not amount to cruel and unusual punishment." Maqbool v. Univ. Hosp. of Med. & Dentistry of N.J., 2012 WL 2374689, 9 (D.N.J. June 13, 2012). Further, "no claim is stated when a doctor disagrees with the professional judgment of another doctor," much less the patient, because "[t]here may…be several acceptable ways to treat an illness." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) (emphasis omitted) (holding that a doctor's choosing one course of treatment over another possible course does not constitute deliberate indifference rising to the level of a constitutional violation.)

For instance, in Estelle, the court found that the plaintiff prisoner who was seen by medical staff on multiple occasions in a three-month period during which he was treated for several alleged injuries, and merely contended that more should have been done to diagnose and treat those issues more quickly, had not made out a claim of deliberate indifference. 429 U.S. at

11

107.  The court stated that "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  Id.

In Jetter v. Beard, 130 F. App'x 523, 525 (3d Cir. 2005), cert. denied, 546 U.S. 985 (2005), plaintiff alleged that the prison doctor "violated his Eighth Amendment rights by his 'grossly incompetent response' to [plaintiff's] serious medical needs, and failure to inform [plaintiff] of Prednisone's side effects."  The court found that plaintiff's argument that the prison doctor should have referred plaintiff to a local hospital or specialist were "simply not enough, in and of themselves, to state a claim under the Eighth Amendment."  Id. at 526.  The court observed that "the evidence establishes that [plaintiff] received care for his medical conditions, including evaluations by various medical personnel, prescriptions for several different medications, and an EKG performed by medical personnel…."  Id.  The court concluded that although plaintiff preferred a different course of treatment, his preference does not establish an Eighth Amendment claim against the prison doctor.  Id.

Similarly, in the unpublished opinion of Green v. Mazzone, 2002 WL 1636709 (D.N.J. 2002), the court found that the prison doctor was not deliberately indifferent to the plaintiff prisoner's needs as alleged.  In Green, the plaintiff presented to the prison doctor with consistent complaints of pain in his right knee.  Id. at *6.  The doctor, in turn, ordered x-rays, which the doctor believed showed no signs of arthritis, and ordered anti-inflammatory medication.  Id.  The plaintiff, however, requested cortisone injections and a referral to a specialist.  Id.  The doctor did not comply with plaintiff's requests as he did not believe plaintiff's condition required such treatment.  Id.  The court concluded that "[t]he record demonstrates [the doctor] attempted to address plaintiff's continued pain by prescribing additional medications.  Even if it is assumed

12

that [the doctor] was negligent in his diagnosis or treatment of the plaintiff's condition, this conduct does not rise to the level of a constitutional violation." Id.

In this matter, Plaintiff has failed to show that there was any deliberate indifference by Nurse Regis, or that he consciously disregarded a risk of harm of which he was aware.  To the extent that Plaintiff sustained injuries as a result of his fight with another inmate, there was nothing that Nurse Regis did or failed to do that worsened that condition or caused any other sort of serious injury or severe pain.  Furthermore, Plaintiff has failed to produce any evidence to show any alleged denial of treatment by Nurse Regis. According to Plaintiff, when Nurse Regis saw him after the attack on April 6, 2013, Nurse Regis was unconcerned and denied Plaintiff's request to see a medical doctor. Plaintiff further claims that he advised Nurse Regis during a medication run the next day that he could not chew or eat due to his injuries which affected him since he could not take his medication for a pre-existing medical condition on an empty stomach. Yet, the medical records show that Nurse Regis provided treatment to Plaintiff following the incident. See SUMF, para. 9.  On the day of the attack, Nurse Regis notified the on-call doctor, and an order was received to administer Motrin, schedule an x-ray and apply ice packs, which was carried out. Id. As such, Plaintiff fails to allege facts sufficient to substantiate a deliberate indifference claim against Nurse Regis.

Further, the medical record establishes that Plaintiff consistently received evaluation and treatment for any complaints he raised following the attack.  Id., paras. 8-24.  On April 20, 2013, a sick call triage noted plaintiff's complaints of pain in his elbow and headache, as well as a request to see a dentist. Id., para. 10. On April 22, 2013, Ibuprofen was prescribed and Plaintiff was instructed to request an appointment with the dental clinic if his dental pain persisted. On April 24, 2013, an x-ray of Plaintiff's elbow and head were ordered.  Plaintiff was referred to a

consult with an optometrist for his blurred vision. <u>Id.</u>, para. 11. On April 25, 2013, x-rays of Plaintiff's skull, left elbow and facial bones were performed. <u>Id.</u>, para. 14. The facial bones x-ray only revealed a "possible mild nasal bone fracture." <u>Id.</u> On April 29, 2013, Plaintiff refused to be seen at his dental sick call. <u>Id.</u>, para. 16. Plaintiff was seen thereafter on May 13, 2013 for a dental sick call. <u>Id.</u>, para. 17. On June 19, 2013, teeth nos. 9 and 10 were surgically extracted. <u>Id.</u>, para. 19. On June 25, 2013, the extraction sites were noted be healing well. <u>Id.</u>, para. 21.

Moreover, to the extent that Plaintiff may disagree with the professional assessment of his medical needs, this disagreement does not substantiate a claim of deliberate indifference. As set forth in detail in the SUMF, the Plaintiff's complaints were evaluated by his medical providers, including Nurse Regis, and treated accordingly. <u>Id.</u>, paras. 8-24. With regard to Nurse Regis, contrary to Plaintiff's assertions, Nurse Regis did not intentionally ignore Plaintiff's condition, act for non-medical reasons or prevent Plaintiff from receiving the necessary medical care, and Plaintiff has produced no evidence to suggest otherwise.

For the foregoing reasons, Plaintiff's Eighth Amendment claim of deliberate indifference against Nurse Regis should be dismissed.

## POINT IV

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AS AGAINST THE MEDICAL DEFENDANTS AS PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Since Plaintiff has not established that he exhausted his administrative remedies as to his allegations against the Medical Defendants, Plaintiff's Complaint must be dismissed with prejudice.

42 U.S.C. § 1997e(a), which was enacted as part of the PLRA, provides that a prisoner may not bring a § 1983 lawsuit relative to prison conditions "until such administrative remedies as are available are exhausted." In Porter v. Nussle, 534 U.S. 516, 532 (2002), the Supreme Court explained that the exhaustion requirement created by this statute is mandatory and applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled [sic] into court," which "has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." Jones v. Bock, 549 U.S. 199, 204 (2007)(citing Woodford v. Ngo, 548 U.S. 81, 94-95 (2006)). "Compliance with prison grievance procedures…is all that is required by the PLRA to 'properly exhaust.'" Jones, 549 U.S. at 218. "The determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

The New Jersey Department of Corrections ("NJDOC") has a grievance procedure in place, known as the Inmate Remedy System. N.J.A.C. 10A:1-4.1 to -4.9. "The comprehensive

Inmate Remedy System, includes an 'Inmate Inquiry Form,' and/or 'Inmate Grievance Form,' and an 'Administrative Appeal,' which must be utilized and fully exhausted prior to an inmate filing any legal action regarding information requests, issues, concerns, and/or complaints." N.J.A.C. 10A:1-4.4(d).  "The inmate shall choose either an 'Inmate Inquiry Form' or an 'Inmate Grievance Form' to fully exhaust the initial and second steps of the Inmate Remedy System prior to submitting an 'Administrative Appeal.'" N.J.A.C. 10A:1-4.5(c).

In this matter, Plaintiff's allegations against the Medical Defendants refer to Dr. Kesselman's failure to protect him from the attack by Jordan and Nurse Regis allegedly denying him treatment for his alleged injuries following the attack.  The Plaintiff's submitted Inmate Remedy System Forms related to the subject physical altercation on April 6, 2013 do not reference Dr. Kesselman, Nurse Regis, or any medical provider. See SUMF, paras. 25-26. Further, these forms were responded to and Plaintiff did not appeal those responses. Id., para. 26. Accordingly, Plaintiff has failed to show that he exhausted his civil remedies as he did not appeal any remedy form that he submitted related to his claims and therefore, Plaintiff's Complaint, as a matter of law, should be dismissed with prejudice.

## POINT V

## PLAINTIFF'S CLAIMS AGAINST THE MEDICAL DEFENDANTS ARE TIME BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

Plaintiff's claims arise out of an incident that occurred on April 6, 2013.  Plaintiff's claim under 42 U.S.C. §1983 is subject to a two (2) year Statute of Limitations. N.J.S.A. 2A:14-2. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); see also Owens v. Okure, 488 U.S. 235 (1989) (the applicable statute of limitations for a civil rights action brought under §1983 is that of a personal injury claim under state law, since same is most analogous).   Consequently, Plaintiff's failure to file that action by April 6, 2015, barred his claims here as Plaintiff's Complaint was not received until August 27, 2015 and filed on September 2, 2015. See Docket Entry 1.

Plaintiff claims that he exhausted all of his administrative remedies in October 2013 and is therefore entitled to a tolling of the statute until October 2015. However, as set forth in Point IV above, Plaintiff failed to properly exhaust his administrative remedies. Since no grievance was submitted by Plaintiff with regard to Dr. Kesselman or his claim against her, Plaintiff is not entitled to any tolling as to her.  Further, with regard to his grievance filed generally claiming a denial of medical care, Plaintiff initially filed that remedy form on May 1, 2013 and an interview was conducted on May 10, 2013.  Plaintiff then received follow-up treatment, as sought. Plaintiff did not file another remedy form regarding his alleged denial of medical care until October 3, 2013. Thereafter, a response was provided on October 10, 2013 to that form, advising Plaintiff that his May 1, 2013 remedy complaint was received and responded to.  Although these facts show Plaintiff is entitled to some tolling here as to Nurse Regis, he is not entitled to a tolling of 141 days, which is the number of days after the statute of limitations accrued that Plaintiff filed his Complaint with the Court.  As a result, Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the applicable statute of limitations.

**POINT VI**

**PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF'S CLAIMS AROSE DURING HIS INCARCERATION**

In Plaintiff's Complaint, he concedes that his claims arose while he was incarcerated at Northern State Prison. See Docket Entry 1.  Given that the alleged wrongful conduct at issue in the Complaint occurred following his conviction and sentencing, any deliberate indifference claim would be analyzed only under the Eighth Amendment.  Mattern v. City of Sea Isle, 131 F. Supp.3d 305, 313-14 (D.N.J. 2015), aff'd., 657 F. App'x 134 (3d Cir 2016).   Fourteenth Amendment claims are reserved for claims alleging denial of medical care "in the context of pre-incarceration detention and interrogation." Id. at 314.  The Court in Mattern observed that the "Supreme Court recently affirmed the distinction in Kingsley v. Hendrickson, noting that while the Eighth Amendment applies to convicted prisoners, claims brought by pretrial detainees fall under the Fourteenth Amendment's Due Process Clause.  ---U.S. ---, 135 S.Ct. 2466, 2475, 192 L.Ed.2d 416 (2015))."   Accordingly, any claim Plaintiff seeks to pursue for deliberate indifference against the Medical Defendants can be pursued only under the Eighth Amendment and, therefore, the Fourteenth Amendment claim against the Medical Defendants should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice as to the Medical Defendants Dr. Gayle Kesselman and Nurse Elyse Regis.

**NORRIS McLAUGHLIN & MARCUS, P.A.**
Attorneys for Defendants, Elyse Regis, R.N. and
Dr. Gayle Kesselman

By:  s/ *Margaret Raymond-Flood*
Margaret Raymond-Flood, Esq.

Dated:  October 16, 2020

19