**\*\*NOT FOR PUBLICATION\*\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN LUTHER BASKERVILLE, JR., | Civil Action No. 15-6463 (CCC) |
| Plaintiff, | **OPINION** |
| v. | |
| LAURA JACKSON, et al., | |
| Defendants. | |

**CECCHI**, District Judge.

This matter comes before the Court on the motions for summary judgment filed by defendants Laura Jackson ("Jackson") (ECF No. 117), and Gail Kesselman ("Kesselman") and Elyse Regis ("Regis") (ECF No. 125) (Jackson, Kesselman, and Regis are referred to collectively as "Defendants"). Plaintiff Martin Luther Baskerville, Jr. ("Plaintiff"), who is represented in this matter, has failed to file any opposition to the motions. The Court having considered the motions, and Defendants' briefs in support thereof (ECF Nos. 117-1, 125-2, and 127), and for the reasons set forth below, the motions shall be granted, and Plaintiff's complaint (ECF No. 1) shall be dismissed without prejudice as Plaintiff failed to administratively exhaust his claims as required by 42 U.S.C. § 1997e.

## I. BACKGROUND

The following facts are drawn from Defendants' statements of material facts, which are deemed admitted for the purposes of these motions in light of Plaintiff's failure to oppose Defendants' motions or dispute their statement of material facts. *See* Fed. R. Civ. P. 56(e)(2); Local Civil Rule 56.1. On April 6, 2013, Plaintiff was struck by a fellow inmate, Frank Jordan, who is

not a party to this matter. *See* ECF No. 125-3 at 2.  As a result of this attack, Plaintiff suffered

various injuries to his lip, nose, teeth, and elbow. Id.  According to a statement made to prison

officials, Jordan admitted that he struck Plaintiff. Id.  Following the attack, Plaintiff was taken to

the prison's medical department where he received an evaluation, and later was provided pain

medication, ice packs, and a referral for an X-Ray. Id. at 2–3.  Plaintiff thereafter sought and was

provided with various forms of treatment related to his injuries, including an x-ray, pain

medication, tooth extractions, and referral to an optometrist for vision issues. Id. at 3–5.

In May and October 2013, Plaintiff submitted inmate grievance forms regarding his alleged

deficient medical care and the prison's alleged failure to protect Plaintiff from the assault by

Jordan. Id. at 5–6, ECF No. 117-2 at 10–12; ECF No. 117-16 at 4.  Although Plaintiff received

initial responses from jail staff in October and November 2013, Plaintiff did not appeal either set

of grievances after receiving the responses. Id.  Plaintiff thus did not complete the exhaustion of

his claims as the prison's exhaustion requirements are only met where a plaintiff receives a

response to an initial grievance, appeals that grievance to the final prison authority, and receives a

response from that authority. ECF No. 117-2 at 8–10, 12.

## II. DISCUSSION

### A.  Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a court should grant a motion

for summary judgment where the record "shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving

party bears the initial burden of "identifying those portions of the pleadings depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986).  A factual dispute is material "if it bears on an essential element of the plaintiff's

claim," and is genuine if "a reasonable jury could find in favor of the non-moving party." *Blunt v.*

*Lower Merion School Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).  In deciding a motion for summary

judgment a district court must "view the underlying facts and all reasonable inferences therefrom

in the light most favorable to the party opposing the motion," but must not make credibility

determinations or engage in any weighing of the evidence. *Id.*; *see also Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 255 (1986).  "Where the record taken as a whole could not lead a rational trier

of fact to find for the non-moving party, [however,] there is no genuine issue for trial." *Matsuhita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving

party who must provide evidence sufficient to establish that a reasonable jury could find in the

non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l*

*Westminster Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d

546, 550 (D.N.J. 2014).  "A nonmoving party has created a genuine issue of material fact if it has

provided sufficient evidence to allow a jury to find in its favor at trial.  However, the party opposing

the motion for summary judgment cannot rest on mere allegations, instead it must present actual

evidence that creates a genuine issue as to a material fact for trial." *Serodio*, 27 F. Supp. 3d at 550.

Pursuant to Federal Rule of Civil Procedure 56(e)(2) and Local Civil Rule 56.1, where, as

here, the moving party files a proper statement of material facts and the non-moving party fails to

file a responsive statement of disputed material facts, this Court is free to treat the moving party's

statement of material facts as undisputed and therefore admitted for the purposes of resolving the

motion for summary judgment. *See, e.g., Ruth v. Sel. Ins. Co.*, No. 15-2616, 2017 WL 592146, at

*2–3 (D.N.J. Feb. 14, 2017).  Even where the defendants' statement of material facts is deemed

admitted and unopposed, however, a district court is still required to "satisfy itself that summary

judgment is proper because there are no genuine disputes of material fact and that [the moving

party is] entitled to judgment as a matter of law" in order to grant summary judgment. *Id.* At 2

(citing *Anchorage Assocs. v. Virgin Islands Bd. Of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)).

**B.  Analysis**

Defendants argue in their motions that Plaintiff's complaint must be dismissed as Plaintiff,

who was a prisoner at the time he filed his only operative complaint in this matter and raised claims

related to prison conditions, failed to exhaust his claims prior to filing suit as required by 42 U.S.C.

§ 1997e.  Pursuant to that statute, before a prisoner may file a civil rights suit challenging "prison

conditions," he is required to exhaust all available administrative remedies. *See Woodford v. Ngo*,

548 U.S. 81, 84–85 (2006).  Indeed, a prisoner is required to "exhaust administrative remedies

even where the relief sought – [such as] monetary damages – cannot be granted by the

administrative process." *Id.*; *see also Booth v. Churner*, 532 U.S. 731, 734 (2001).  Where an

administrative procedure is available, a plaintiff seeking to challenge prison conditions via a

federal civil rights action must fully and properly exhaust his administrative remedies prior to

filing suit, and exceptional circumstances will not excuse a plaintiff's failure to exhaust. *Ross v.*

*Blake*, 136 S. Ct. 1850, 1856–57 (2016).

Because Plaintiff's section 1983 claims all concern matters of prison life, and because

Plaintiff was a prisoner at the time he filed his operative complaint,[1] this matter is subject to section

---

[1] Although Plaintiff has been released on parole (*see* ECF No. 117-5 at 4), only Plaintiff's status
at the time the operative complaint was filed is relevant to the applicability of section 1997e's
exhaustion requirement. *Ahmed*, 297 F.3d at 210; *see also Garrett v. Wexford Health*, 948 F.3d
69, 81–91 (3d Cir. 2019) (failure to exhaust by prisoner prior to filing complaint renders complaint
filed while incarcerated fatally deficient, and this deficiency will only be cured by the filing of a
new operative pleading – an amended and/or supplemental complaint – after the deficiency has
been removed such as through the plaintiff's release or completion of exhaustion).  Because

1997e's exhaustion requirement.  *See Booth v. Churner*, 206 F.3d 289, 298 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001); *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir 2001).  As Plaintiff in this matter has failed to argue that administrative remedies were not available to him, his current complaint must be dismissed unless he properly exhausted his claims in this matter.[2]

As one court in this District has explained,

> "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91.  A prisoner therefore properly exhausts his administrative remedies only by seeking all available administrative remedies while at least substantially complying with the rules and regulations of the applicable administrative body, in this case the state prison system. *Id.* at 90–103; *Small*, 728 F.3d at 272 (completion of the administrative review process "means 'substantial' compliance with the prison's grievance procedures").  In determining whether a prisoner has successfully exhausted, a court must look to the grievance regime of the prison facility to determine what steps are required to fully exhaust, and compliance with those procedures is all that is required to properly exhaust a claim. *See Jones v. Bock*, 549 U.S. 199, 218 (2007).  Because exhaustion is a threshold issue affecting a plaintiff's entitlement to relief, it is the Court, and not a jury, that determines whether a given plaintiff has properly exhausted his claims, even to the extent of resolving any factual disputes related to the exhaustion issue. *Small*, 728 F.3d at 269–71.

---

Plaintiff's operative complaint in this matter was filed while he was incarcerated, it is subject to the exhaustion requirement, notwithstanding his later release from prison on parole as Plaintiff did not file an amended pleading following that release which could have cured any exhaustion related defect. *Id.*

[2] As noted in this Court's prior opinion, Plaintiff specifically disclaimed raising any state law claims in this matter, and, as he did not file notice under New Jersey's Tort Claims Act (the "Act"), any state law claim he may wished to have brought against the named Defendants in this matter would be barred by the Act. *See* ECF No. 38 at 10.  This Court thus does not construe Plaintiff to be raising any state law claims at this time, and any such claim would in any event need to be dismissed for failure to comply with the Act if Plaintiff had intended to raise it.

New Jersey's "Inmate Remedy System is a comprehensive system that includes the opportunity for an inmate to submit an 'Inmate Inquiry Form' or 'Inmate Grievance Form' and, in response to the resulting decision or finding, to submit an 'Administrative Appeal.'" N.J. Admin Code § 10A:1-4.4(c) (2018). Exhaustion of administrative remedies therefore requires that a prisoner both submit an inquiry or grievance form, and an administrative appeal of any adverse decision on the inquiry or grievance form. § 10A:1-4.4(d). These remedy forms "must be complete, legible, and include a clear and concise statement" of the prisoner's claim, and "shall contain the full name, [inmate] number and, when required, signature of the inmate submitting the form." § 10A:1-4.4(e). Upon the filing of an inquiry or grievance form, a prisoner will receive a response within fifteen or thirty days respectively as to the two types of forms, unless the coordinator of the prison's grievance system determines more time is needed, in which case the prisoner shall be informed of the need for more time. § 10A:1-4.4(i), 4.5(d). Upon receiving a final response to the form, Petitioner may file his administrative appeal, within ten calendar days, at which point he will receive a final decision on his appeal within ten further calendar days. § 10A:1-4.6.

*Campbell v. Doe*, No. 12-2750, 2018 WL 4616068, at *3 (D.N.J. Sept. 26, 2018).

The facts presented by Defendants in their motions, which Plaintiff has failed to dispute or otherwise oppose, indicate that while Plaintiff did file inmate grievance or inquiry forms regarding the medical treatment he received following his assault and the facility's alleged failure to protect him from that assault, Plaintiff did not file an appeal of any of those grievances. As the prison's grievance procedures require that an inmate appeal grievance responses to the highest prison authority in order to fully exhaust his administrative remedies, Plaintiff's failure to appeal those grievances amounts to his failure to fully exhaust those remedies. Plaintiff has also failed to show that administrative remedies were unavailable, as Plaintiff's own actions indicate that remedies were available. Accordingly, as Plaintiff failed to fully exhaust the applicable administrative remedies by appealing the responses he received to the highest prison authority prior to filing his

6

operative complaint in this matter, Plaintiff has failed to comply with the exhaustion requirements

of § 1997e.  Plaintiff's complaint (ECF No. 1) is therefore fatally deficient and must be dismissed

in light of his failure to cure that deficiency through the filing of a post-release amended

complaint.[3] *Ahmed*, 297 F.3d at 210; *see also Garrett*, 948 F.3d at 81–91.

**III. CONCLUSION**

      For the reasons stated above, this Court **GRANTS** Defendants' motions for summary

judgment (ECF Nos. 117, 125), and Plaintiff's complaint (ECF No. 1) is **DISMISSED**

**WITHOUT PREJUDICE**. An appropriate order follows.

**DATE**: April 23, 2021

                                     **CLAIRE C. CECCHI, U.S.D.J.**

---

[3] Because this Court finds that Plaintiff's operative complaint, submitted while Plaintiff was incarcerated, is subject to the exhaustion requirement and must be dismissed for failure to meet that requirement, this Court need not and does not address Defendants' remaining arguments regarding Plaintiff's claims.